UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Billy Mack Ashmore,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 16-231 ADM/LIB

___

Katharine T. Buzicky, Assistant United States Attorney, Minneapolis, MN on behalf of Plaintiff.

Brian N. Toder, Esq., Chestnut Cambronne PA, Minneapolis, MN, on behalf of Defendant.
___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Billy Mack Ashmore's ("Ashmore") Motion to Modify Sentence of Imprisonment [Docket No. 98] ("Motion") pursuant to 18 U.S.C. § 3582(c)(1)(A). Plaintiff United States of America (the "Government") opposes the Motion. See Gov't Resp. Opp'n [Docket No. 105]. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On July 1, 2016, Ashmore was arrested after selling approximately 5 grams of methamphetamine to a confidential informant. Plea Agreement [Docket No. 71] ¶ 2. At the time of his arrest, Ashmore was in possession of 20 additional grams of methamphetamine he intended to distribute, and a firearm was found in the back of the vehicle. Id.

On July 18, 2017, Ashmore entered a plea of guilty to possessing with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Min. Entry [Docket No. 69]; Plea Agreement. On December 19, 2017, he was sentenced to a term of 98 months.

Sentencing J. [Docket No. 88] at 2. Ashmore is currently incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") and has served approximately 50 months of his sentence. His projected release date is June 19, 2023. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/ (last accessed September 1, 2020). While in prison, Ashmore has incurred no disciplinary actions and has availed himself of work opportunities and several educational courses including Landscape MGT, General Nutrition Information, Exploring the Ocean Pacific Rim Region, Keyboard 4, and World's Greatest Geo Wonders. Toder Decl. [Docket No. 100] Ex. 3.

Ashmore now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Ashmore, age 38, argues that he suffers from Post Traumatic Stress Disorder ("PTSD") and a traumatic brain injury ("TBI"), and that the prison's pandemic-related restrictions such as lockdowns, suspended social visits, and limited group gatherings pose a risk to his mental health. He seeks to have his sentence reduced to time served with supervised release in home confinement, coupled with treatment for his drug addiction, PTSD, and TBI. Ashmore's reentry plan has been approved by the United States Probation Office and includes residing with his girlfriend, who has agreed to assist Ashmore in finding and attending mental health treatment at a nearby treatment center. Toder Decl. Ex. 7.

The Government opposes the Motion, arguing that Ashmore's mental health conditions do not constitute extraordinary and compelling circumstances, and that Ashmore poses a danger to the community if he were to be released at this time.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 comment n.1(A)(ii).  "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of th[e] policy statement."  U.S.S.G. § 1B1.13 comment n.3.  The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

The parties agree that Ashmore has satisfied the exhaustion requirement because he filed

3

a request for release with the Bureau of Prisons ("BOP") on April 24, 2020, and more than 30 days have lapsed since the request. Toder Decl. Ex. 5. Thus, Ashmore's Motion is ripe for consideration.

Ashmore argues that his mental health conditions of PTSD, TBI, and depression are exacerbated by the lockdowns and other COVID-19 prevention measures that the BOP implemented on March 13, 2020. In asserting that these circumstances present extraordinary and compelling reasons for his release, Ashmore cites United States v. Pina, No. 18-179, 2020 WL 3545514 (S.D.N.Y. June 29, 2020). In Pina, a court granted a compassionate release sentence reduction to a defendant with PTSD who experienced increasingly severe symptoms of mental distress—including acute depression, anxiety, flashbacks, nightmares, insomnia, and irrational fears—as a result of the COVID-19 lockdown procedures. Id. at *1–*2. Unlike in Pina, the record in this case lacks any evidence that the COVID-19 precautions have caused Ashmore's mental health to significantly worsen or that he presently suffers from severe mental health symptoms. Ashmore's medical records show that he has been treated with Prozac for his depression since August 2019. Toder Decl. Ex. 4 at 43. At a physical exam on March 5, 2020, Ashmore reported that "his mood [was] good and the Prozac is helpful." Id. at 2. Based on the present record, the Court finds that Ashmore's mental health diagnoses do not constitute extraordinary and compelling reasons warranting a sentence reduction.

In addition to the absence of compelling and extraordinary circumstances, the Court cannot conclude that Ashmore "is not a danger to the safety of any other person or to the community." See U.S.S.G. § 1B1.13(2). Ashmore has a concerning history of returning to criminal behavior shortly after being released from incarceration. For example, in 2008

Ashmore received his first lengthy period of incarceration as a result of convictions for burglaries, firearm violations, receiving stolen property, thefts, and drug possession charges. Presentence Investigation Report ("PSR") [Docket No. 76] ¶¶ 41–51. Months after his release in 2011, he burglarized three businesses and robbed a convenience store all in a single day, resulting in additional years of incarceration. Id. ¶¶ 53–57. Two years after his release from that period of confinement, Ashmore was investigated for a home invasion where the victim was tied up and beaten and the victim's safe and car were stolen. Id. ¶ 70. Although the charges against him were eventually dismissed, Ashmore's DNA matched that found on the stolen car's steering wheel and shift handle. Id. Slightly more than a year after this incident, Ashmore was arrested in 2016 for the instant offense.

The Court recognizes that Ashmore's PTSD, TBI, and substance abuse contribute to his impulsive behavior, and that his release plan includes treatment for these issues. Nevertheless, Ashmore's pattern of criminal behavior, which has escalated from traffic violations to theft, drug possession, numerous burglaries, and the present drug crime involving a firearm, prevents the Court from concluding that he is not a danger to the public at this time.

The sentencing factors in § 3553(a) also weigh against reducing Ashmore's sentence. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law ... to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). When sentencing Ashmore, the Court was aware of his mental health history and factored it into a below-guidelines sentence of a 98-month term of imprisonment. The recent prison restrictions

5

during the COVID-19 pandemic do not alter the Court's conclusion that the length of Ashmore's sentence is necessary to carry out the sentencing objectives. Releasing Ashmore after completing just over half of his sentence would undermine these goals.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Billy Mack Ashmore's Motion to Modify Sentence of Imprisonment [Docket No. 98] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  September 1, 2020